DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Reginald D. Smith appeals from his multiple convictions in connection with a pattern of narcotics trafficking. This Court affirms.
 I.
Reginald D. Smith was investigated by the Lorain Police Department on suspicion of masterminding a narcotics trafficking ring. On March 31, 1999, Smith was indicted by the Lorain County Grand Jury on a twelve count indictment on: one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32; six counts of trafficking in cocaine, in violation of R.C. 2925.03(A); two counts of permitting drug abuse, in violation of R.C. 2925.13(A); and three counts of possession of drug paraphernalia, in violation of R.C. 2925.14 (C)(1). On May 27, 1999, the Lorain County Grand Jury issued a superceding indictment as to count one, engaging in a pattern of corrupt activity, and supplemented two new charges: possession of cocaine, in violation of R.C. 2925.11(A); and possession of criminal tools, in violation of R.C. 2923.24(A).
After a jury trial, Smith was found guilty of engaging in a pattern of corrupt activity, five counts of trafficking in cocaine, one count of permitting drug abuse, two counts of possession of drug paraphernalia, and possession of criminal tools. Smith was found not guilty of one count each of trafficking in cocaine, permitting drug abuse, possession of drug paraphernalia, and possession of cocaine. The trial court sentenced Smith to a total of nineteen years in prison.
Smith timely appeals, asserting two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR THE PROSECUTOR'S BLATANT CHALLENGE TO REGINALD SMITH TO TAKE THE STAND VIOLATED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL[.]
In his first assignment of error, Smith argues that he was denied a fair trial as a result of comments made by the prosecutor during closing argument. This Court disagrees.
Prosecutorial conduct during closing argument is measured by whether the prosecutor's remarks constitute misconduct and, if so whether they prejudiced a substantial right of the defendant. State v. White (1998),82 Ohio St.3d 16, 22, certiorari denied (1998), 525 U.S. 1057,142 L.Ed.2d 562, citing State v. Smith (1984), 14 Ohio St.3d 13, 14. Comments made in closing argument are not viewed in isolation, rather the closing argument is reviewed in its entirety to determine whether remarks by the prosecutor were prejudicial. State v. Keenan (1993), 66 Ohio St.3d 402,410, citing State v. Moritz (1980), 63 Ohio St.2d 150, 157. In ruling on an objection to a prosecutor's comments, the question of the propriety of the argument is generally directed to the sound discretion of the trial court. State v. Loza (1994), 71 Ohio St.3d 61, 78, certiorari denied (1995), 514 U.S. 1120, 131 L.Ed.2d 871. In order to find an abuse of discretion, we must determine that the decision of the trial court was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Smith alleges that the prosecutor erred by challenging Smith's decision not to testify in his own defense. The following exchange took place during the prosecutor's closing argument:
 [PROSECUTOR]: In addition to the fact that we had videotapes, audiotapes that are consistent only with drug trafficking, we have the Defendant going over to known drug traffickers' houses at many locations * * * every time that he leaves somewhere there is a drug bust and drugs are found, an unfortunate coincidence.
 In addition to all of those things, we'd ask you to consider and listen to [sic] very carefully, you have the Defendant's own personal life. You have all these things that the police were able to gather in their searches, and you have his lies, you have Natalie Sandoval's lies to consider. But think about this: If the Defendant was not what we allege him to be, where would all this come from? What kind of person all's he had to do was take the stand and say
[DEFENSE COUNSEL]: Objection, your Honor.
[PROSECUTOR]: I'm sorry.
[THE COURT]: Sustained.
 [PROSECUTOR]: I should not have said that. The defense and the State's case is uncontradicted, and all the Defense would have had to do is send someone to the stand, anyone, to say he has a job, he makes "X" amount of dollars, he has an inheritance; he could come across, whatever you see here, legitimately. The State flat out represented in its opening statement that he has no legitimate source of income, and it's uncontradicted to this day.
 Now, if this isn't evidence of drug trafficking, what is? Now, he doesn't have to provide a defense, but there's nothing wrong with doing that. And in fact, that is his right, not to provide a defense or choose not to provide a defense or offer evidence. (Emphasis added.)
Smith argues, and the state concedes, that the prosecutor's remark about Smith not taking the stand was improper. It is improper for a prosecutor to comment on the silence of an accused at trial. Griffin v.California (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. While a discrete part of the state's entire closing argument, nonetheless the prosecutor made an improper comment on Smith's silence at trial. While we are mindful of the emotions and stresses attendant to counsel during a jury trial, fealty to constitutional rules is a strict and inflexible command. Playing fast and loose with a fixed constitutional rule, as the prosecutor did here, ranges far and recklessly afield of the wide latitude traditionally accorded prosecutors in closing argument. See State v.Rahman (1986), 23 Ohio St.3d 146, 154.
Having determined that the prosecutor's comment was improper, we next turn to determine whether the prosecutor's comment prejudiced a substantial right of Smith. See White, supra. A prejudicial error is one that deprives a defendant of a fair trial. State v. Apanovitch (1987),33 Ohio St.3d 19, 24. "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips (1982), 455 U.S. 209,219, 102 S.Ct. 940, 71 L.Ed.2d 78.
As a threshold matter, the trial court did sustain a defense objection to the improper comment. Moreover, the trial court instructed the jury before and after closing argument that the argument of counsel did not constitute evidence. Juries are presumed to follow instructions. Loza,supra, at 75.
Viewing the prosecutor's improper comment in the context of the entire closing argument, the comment was discrete in nature, led to an immediately sustained objection, was retracted by an apology by the prosecutor, and was not repeated. Viewing the comment in the context of the trial, there was overwhelming evidence of Smith's guilt as a major drug trafficker. The state presented evidence of vast expenditures of unexplained income. Smith had residences in Elyria, College Park, Georgia, and New York, New York. The residence in Georgia was purchased with $116,000 in cash. Smith drove numerous vehicles licensed in other people's names, including a: Land Rover sport utility vehicle, Porsche Boxter, Toyota Camry, and Nissan Sentra, in addition to various rental vehicles. From April 1998 to April 1999 Smith and his girlfriend spent $268,636.00. Smith had no apparent sources of legitimate income. Smith drove in an erratic fashion in order to frustrate surveillance efforts. Lorain police documented Smith's narcotics trafficking on six occasions by way of direct testimony and audio and video recordings of the transactions.
Based on the foregoing, this Court concludes that the improper comment by the prosecutor did not prejudicially affect Smith's substantial rights. Smith failed to demonstrate how this misconduct prejudicially affected his rights considering the corrective action of the trial court and the overwhelming evidence against him.
Smith's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR TESTIMONY OF THE GUILTY PLEA OF CODEFENDANT NATALIE SANDOVAL PREJUDICED SMITH AND PREVENTED HIM FROM RECEIVING A FAIR TRIAL[.]
In his second assignment of error, Smith argues that the testimony disclosing the guilty plea of co-defendant Natalie Sandoval caused him prejudice. This argument is without merit.
A trial court enjoys broad discretion in determining the admissibility of evidence and its decision should not be reversed absent an abuse of discretion that has caused the defendant material prejudice. State v.Hymore (1967), 9 Ohio St.2d 122, certiorari denied (1968), 390 U.S. 1024,88 S.Ct. 1409, 20 L.Ed.2d 281. An abuse of discretion connotes more than an error of law or judgment, rather the reviewing court must determine whether the action of the trial court was unreasonable, arbitrary, or unconscionable. Blakemore, supra.
Smith specifically objects to testimony offered by Lieutenant James Rohner of the Lorain Police Department narcotics division that co-defendant Natalie Sandoval pled guilty for "possession of drugs." Smith claims that testimony concerning Sandoval's guilty plea is expressly prohibited by the Rules of Evidence and that any probative value is substantially outweighed by the danger of unfair prejudice. See Evid.R. 410 and 403(A). Evid.R. 410, by its own terms, does not expressly preclude the challenged testimony. Moreover, we cannot conclude that the trial court abused its discretion in finding that the challenged testimony had probative value considering that defense counsel was eliciting analogous testimony. See Evid.R. 403(A).
Careful review of the record reveals that the foregoing was elicited only after defense counsel had elicited testimony as to whether co-conspirators Stacey Smallwood and J.C. Congress were arrested and charged with offenses. The state's query of Lt. Rohner, if error, was invited by the previous questions of defense counsel. The principle of invited error provides:
 One who has made the first error cannot avail himself of error which is caused thereby and which is calculated only to offset it; a party cannot complain of his opponent's argument to the jury, where it amounts only to a reply in kind to matters introduced in his own argument.
State v. Swanson (1967), 9 Ohio App.2d 60, 69-70. Assuming, without deciding, that the challenged testimony was error, the doctrine of invited error defeats Smith's claim.
Smith's second assignment of error is denied.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J. CONCUR.